**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

```
MARK ANTONIO JOHNSON, SR.,     :     CORAM NOBIS
GDC ID 1296309,                :     28 U.S.C. § 1651
     Petitioner,               :
                               :
     v.                        :     CIVIL ACTION NO.
                               :     1:15-CV-1944-WSD-ECS
STATE OF GEORGIA,              :
     Respondent.               :
```

**FINAL REPORT AND RECOMMENDATION**

Earlier this year, state inmate Mark Antonio Johnson, Sr. filed a "Descresionary [sic] Merit Motion to Compel Performance of Superior Court to Void and Vacate Illegally Impose[d] Sentence" that this Court construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and dismissed without prejudice in light of Mr. Johnson's failure to exhaust available state remedies. *See Johnson v. Georgia*, No. 1:15-CV-185-WSD (N.D. Ga. Jan. 20, 2015) ("*Johnson I*") [Doc. Nos. 7 & 8 therein]. Mr. Johnson appealed, *see Johnson I* [Doc. No. 9 therein], and his appeal remains pending, *see Johnson v. Georgia*, No. 15-12221-F (11th Cir. May 28, 2015).

Mr. Johnson has now filed a "Discretionary Appeal Application Motion to Impeach the Presumptions of a Void Judgement [sic] and Grant Jail Time Credit as a Matter of Law." *See* [Doc. No. 1]. Mr. Johnson states therein that he "re-files his motion to vacate through nature of writ of coram nobis." [*Id.* at 1].

Because Mr. Johnson is seeking a writ of error coram nobis, the Clerk is **DIRECTED** to reclassify this as a case arising under 28 U.S.C. § 1651.

"[A] writ of error coram nobis is an extraordinary writ, limited to cases in which no statutory remedy is available or adequate." United States v. Brown, 117 F.3d 471, 474-75 (11th Cir. 1997) (internal quotation marks and citation omitted). More importantly, "coram nobis is not available in federal courts as a means to attack state criminal judgments." Llovera v. Florida, 576 F. App'x 894, 896 (11th Cir. 2014), cert. denied 135 S. Ct. 965 (2015). In this case, Mr. Johnson is seeking to attack a state criminal judgment and sentence.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

As this Court suggested earlier, Mr. Johnson should exhaust all remedies available to him in state court and to that end should "contact the state court that is handling his criminal case, or the local defender association where the state court criminal case is proceeding, to ask if counsel is available to be appointed." Johnson I [Doc. No. 7 therein at 7].

Solely for the purpose of dismissal, Mr. Johnson is **GRANTED** permission to proceed in forma pauperis.

2

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 15th day of June, 2015.


_**S/ E. Clayton Scofield III**_
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

3

AO 72A
(Rev.8/82)